U.S. DISTRICT JUDGE CAROLYN R. DIMMICK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD H. BATTISFORE,<br>                     Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br>                     Defendant. | No. C08-528-CRD<br><br>ORDER FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b) |

THIS MATTER having come on regularly before the undersigned upon Plaintiff's Motion For Attorneys Fees Pursuant To 42 U.S.C.§ 406(b), the Court having considered the contentions of Plaintiff and Defendant, good cause having been shown for entry of the Order, and based on the foregoing, it is hereby ORDERED that Plaintiff's attorney, Sandra Widlan of Schroeter, Goldmark & Bender, is awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,387.50, minus any processing fees allowed by statue.

Plaintiff in this case has been awarded past due benefits in the amount of $54,444.40 for his disability period of August 2002 through May 2009. Plaintiff's counsel seeks attorney fees of $13,387.50 for her work on this case.

Defendant opposes, arguing that the maximum fees allowed are $13,048.30 because only the period through March 2009 should be included for purposes of calculating attorney fees. Defendant cites 20 C.F.R 404.1703 which states that past due benefits are calculated "up to but not including the month the determination or decision is made." Defendant points

to the ALJ's favorable decision of March 2009 and argues that two months of the award should be subtracted solely for purposes of calculating attorney fees.

Defendant does not explain why the proposed fee calculation also includes February, the month of the favorable decision. Regardless, the statute does not contemplate calculating attorney fees based on a theoretical past due award as Defendant seems to propose. The Court follows the Commissioner's decision which finds that Plaintiff's *actual past due award includes the period through May 2009*. Attorney's fees may be up to 25% of the past due award; in this case, $13,611.10. Accordingly, the Court finds counsel's requested fee of $13,387.50 which is based on her hourly rate, is within the amount allowable and is therefore granted.

It is further ORDERED that Plaintiff's attorney will refund the amounts received under EAJA of $5,314.00 to Plaintiff, which represents the total of the smaller fee, pursuant to Pub. L. No. 99-80, §3 99 Stat. 183, 186 (1985).

DATED this 8th day of September, 2009.

Carolyn R. Dimmick
United States District Judge